J-S42015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY JOSEPH SCOCOZZO | : | |
| | : | |
| Appellant | : | No. 868 MDA 2025 |

Appeal from the PCRA Order Entered May 12, 2025
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-MD-0000436-2017

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.: **FILED: DECEMBER 19, 2025**

Appellant, Anthony Joseph Scocozzo, appeals *pro se* from the order entered on May 12, 2025, which dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On September 13, 2017, Appellant pleaded guilty to indirect criminal contempt ("ICC"), for violating a Protection From Abuse ("PFA") order.[1] That day, the trial court sentenced Appellant to serve a term of six months of probation.

On January 14, 2025, Appellant filed a *pro se* "Motion to Reverse Conviction, or Alternatively, a New Trial" (hereinafter "Appellant's Petition"). Within this petition, Appellant claimed that his attorney provided him with ineffective assistance during the 2017 ICC proceedings. Appellant's Petition,

_____

[1] 23 Pa.C.S.A. § 6114(a).

1/14/25, at 1.  Appellant requested that the trial court either grant him a new trial or reverse his ICC conviction.  *Id.* at 5.

The PCRA court construed Appellant's filing as a petition for relief under the PCRA and, since this was Appellant's first PCRA petition, the PCRA court appointed counsel to represent Appellant during the proceedings.  PCRA Court Order, 1/14/25, at 1-2.  Nevertheless, Appellant's counsel later filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  The PCRA court granted counsel leave to withdraw and, on December 12, 2025, the PCRA court dismissed Appellant's PCRA petition.  PCRA Court Order, 12/12/25, at 1.

Appellant filed a timely,[2] *pro se* notice of appeal.  We affirm the dismissal of Appellant's PCRA petition.

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and

---

[2] Although Appellant's notice of appeal was not filed until June 25, 2025, the notice of appeal is not untimely, as the docket does not reflect that the PCRA court served the *pro se* Appellant with its final dismissal order.  **See** Appellant's Docket, at 5; **see also** Pa.R.Crim.P. 114; **Commonwealth v. Midgley**, 289 A.3d 1111, 1116 (Pa. Super. 2023) ("[h]ere, the trial court docket states that the order dismissing [the petitioner's PCRA] petition was sent to prior PCRA counsel, even though by that point [the petitioner] was proceeding *pro se*. The docket contains no corresponding notation recording service of the order upon [the *pro se* petitioner] (or the date of service).  These failings contravened Rule 114.  We will therefore consider his appeal timely").

whether its decision is free from legal error." ***Commonwealth v. Liebel***, 825 A.2d 630, 632 (Pa. 2003).

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. As the statute declares, the PCRA "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*." ***Id.***; ***see also Commonwealth v. Ahlborn***, 699 A.2d 718, 721 (Pa. 1997). Thus, under the plain terms of the PCRA, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is exclusive to the PCRA." ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis omitted).

Within Appellant's petition, Appellant requests permission to withdraw his guilty plea based upon an ineffective assistance of counsel claim. ***See*** Appellant's Petition, 1/14/25, at 1. The PCRA undoubtedly encompasses Appellant's claims, as the claims concern "matters affecting [Appellant's] conviction [or] sentence." ***Commonwealth v. Judge***, 916 A.2d 511, 520 (Pa. 2007), *quoting* ***Coady v. Vaughn***, 770 A.2d 287, 293 (Pa. 2001) (Castille, J., concurring); ***see also*** 42 Pa.C.S.A. § 9542 ("[the PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief").

Appellant's claims thus fall under the rubric of the PCRA and, since the PCRA encompasses Appellant's claims, Appellant "can only find relief under

the PCRA's strictures." ***Pagan***, 864 A.2d at 1233; ***see also Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) ("[petitioner's legality of sentence] claim is cognizable under the PCRA.... [Thus, petitioner's] 'motion to correct illegal sentence' is a PCRA petition and cannot be considered under any other common law remedy"); ***Commonwealth v. Barndt***, 74 A.3d 185, 190 n.7 (Pa. Super. 2013) (holding:  petitioner's "motion to withdraw guilty plea" was properly construed as a PCRA petition).

As we have explained:

> Our [S]upreme [C]ourt has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i).  As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.  ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997).  In addition, . . . the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence.

***Commonwealth v. Hart***, 911 A.2d 939, 941-942 (Pa. Super. 2006) (some citations omitted).

Appellant completed serving his sentence of six months' probation in 2018.  Since Appellant is no longer serving or waiting to serve a sentence for the convictions he is challenging, Appellant is simply not eligible for relief under the PCRA.  ***See Commonwealth v. Davis***, 326 A.3d 988, 993 (Pa. Super. 2024).

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/19/2025</u>